UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| JOSHUA P LINDSEY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | No. 1:16-cv-02008-TWP-MPB |
| WILLIAM WILSON, JAMES BASINGER, | ) |  |
| Defendants. | ) |  |

**Entry Transferring Case to the Northern District of Indiana**

Plaintiff Joshua Lindsey brought this action in state court against two employees of the Indiana Department of Correction, asserting constitutional claims pursuant to 42 U.S.C. § 1983 regarding his placement in solitary confinement at Westville Correctional Facility ("Westville") where he is currently incarcerated. Westville is located in LaPorte County, Indiana, which lies in the South Bend Division of the Northern District of Indiana. 28 U.S.C. § 94(a)(2).

The defendants removed this action from state court to this Court. On August 1, 2016, the Court ordered the parties to show cause why this case should not be transferred to the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a). The Court noted that the Northern District of Indiana appears to be the most convenient forum and that the interests of justice appear to support transferring this case to that District because the result of the alleged misconduct, the plaintiff, and the evidence all appear to be located in the Northern District of Indiana where the plaintiff was and remains incarcerated. Moreover, the Court noted that there are no allegations connecting the alleged conduct to the Southern District of Indiana other than the happenstance that certain IDOC officials work from the IDOC central office located in the Southern District of Indiana.

Both parties responded to the Court's show cause order. The defendants agree that the interests of justice support transferring this action to the Northern District of Indiana. The plaintiff objects to the transfer of this action, arguing primarily that venue is proper in this District pursuant to 28 U.S.C. § 1391(b). The Court agrees that venue is proper under § 1391; but the show cause order focused on whether the action should be transferred pursuant to § 1404(a), not whether venue is proper here.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." This "statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice." *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). As to convenience, "courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum," as well as the "location of material events and the relative ease of access to sources of proof." *Id.* Regarding the second consideration—the interests of justice—"courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Id.*

The convenience considerations weigh heavily in favor of the Northern District of Indiana, as the plaintiff, the evidence, and the material events are all located or occurred at Westville, where the plaintiff remains incarcerated. His claims revolve around his placement in solitary confinement at Westville. Moreover, he admitted in his complaint that he did not exhaust his

administrative remedies by filing grievances at Westville before filing this action, making it a near certainty that this issue will have to be litigated before the merits of his suit. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). The evidence and witnesses as to this issue are also almost certainly located at Westville. The plaintiff notably does not argue that the Northern District of Indiana is an inconvenient district to litigate, nor could he, as he and all the evidence in his possession are located there. Therefore, the convenience considerations strongly weigh in favor of transfer.

The interests of justice also weigh in favor of transferring this action to the Northern District of Indiana. There is no reason to think that either District is more familiar with the relevant law or that one district will provide a meaningfully speedier resolution of the plaintiff's case. Furthermore, it is in the community's interests and thus the interests of justice that prisoners located in correctional institutions in the Northern District complaining about the conditions of their confinement in the Northern District have their claims adjudicated in that District. Accordingly, the interests of justice factor also favors transfer.

The plaintiff's arguments as to why this case should not be transferred are unpersuasive; he notably does not provide any basis to view the convenience and interests of justice factors any differently than that set forth above. The only arguably relevant fact to which he points is that the defendants reside in this District; but the defendants believe convenience and the interests of justice favor transfer to the Northern District.

The plaintiff also contends that multiple Judges of the Northern District are not impartial. The Court does not accept that representation, nor does it accept this as a basis not to transfer this action when the relevant factors favor transfer.

Finally, the plaintiff suggests that this case also challenges his placement in solitary

confinement while he was incarcerated at Wabash Valley Correctional Facility and Pendleton Correctional Facility—both of which are located in this District—over the course of the past eight years. But there are several difficulties with this argument, all of which reveal this argument as a misplaced effort to avoid transfer.

For example, the plaintiff's own documentary evidence reveals that it was not either of two defendants sued in this action that were involved in his earlier placements into solitary confinement, so this case could not involve his placement in solitary confinement at those facilities. In fact, the plaintiff has previously sued those individuals, Tom Hanlon and James Winn, in this District regarding his placement in solitary confinement during his time at Pendleton Correctional Facility. The plaintiff filed that action in the Northern District of Indiana, but that Court transferred the action to this District since Pendleton Correctional Facility is located here. *See* No. 1:15-cv-158-SEB-MJD, Dkt. 6 (S.D. Ind.). The action was ultimately dismissed as malicious because the judge found that plaintiff continued to file fraudulent documents despite the Court's warnings not to do so in that case and in others. *See id.*; No. 2:13-cv-390-JMS-WGH (S.D. Ind.). For this additional reason, plaintiff cannot re-litigate those claims in this action. Moreover, the documents submitted by the plaintiff reveal that claims regarding those facilities would, in any event, be barred by the statute of limitations. *See Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013). Thus the plaintiff's attempt to tie this case to this District by arguing that it will involve claims regarding his previous placement in solitary confinement at other facilities is unavailing.

In sum, the relevant factors both weigh in favor of transferring this case to the Northern District of Indiana. The plaintiff's objection [dkt. 9] is therefore **denied** and the above action is now **TRANSFERRED** to the United States District Court for the Northern District of Indiana at

South Bend, Indiana.

   **IT IS SO ORDERED.**

Date: 8/18/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSHUA P LINDSEY
112177
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Electronically Registered Counsel